## Smyth's Estate.

778

*John J. Cahill,* for exceptions.

*Raymond V. John* and *Carlyle H. Ross,* contra.

LAMORELLE, P. J., Jan. 22, 1931.—Counsel for the exceptants, not only in his written brief but also in his oral argument, has presented his clients' case with thoroughness and marked ability, yet our examination of the record does not convince us of error either in the finding of facts or application of law in the exhaustive adjudication.

One of the exceptions especially stressed and pressed is that the Rule in Shelley's Case applies and that the trust has not terminated. There does not appear to be any merit in this contention. There is no gift to any of the five children of the testatrix, save and except of income, and this income is protected by a spendthrift trust; when and as each of the children die, their appointee takes the share from which the income was theretofore payable; in the absence of appointment, their children, and, in event of no living descendants nor exercise of power of appointment, their heirs at law; so until death occurs no one can say who takes, and, even though the children should have a present vested interest in *corpus,* there is no coalescence, because one estate is equitable and the other legal; as to which see Moore's Estate, 198 Pa. 611.

All exceptions are dismissed and the adjudication is confirmed absolutely.